**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

RONALD DIGGS,

                         Plaintiff,

            - v -                                    Civ. No. 9:16-CV-554
                                                        (DNH/DJS)
SGT. RONALD G. WOOD; SGT. JUSTIN DELISLE;
KRISTEN J. DELISLE; CHRIS DUBREY; and
T. ROBARE,

                         Defendants.

**APPEARANCES:**                        **OF COUNSEL:**

O'CONNELL & ARONOWITZ              JULIA V. KOSINESKI, ESQ.
*Pro Bono* Attorney for Plaintiff
54 State Street
9th Floor
Albany, NY 12207-2501

HON. LETITIA JAMES                      RYAN L. ABEL, ESQ.
Attorney General of the State of New York    Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**DANIEL J. STEWART**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

        This matter is presently scheduled for trial beginning October 13, 2020.  *See*

Docket Entry, May 27, 2020.  Presently pending is a Motion for a Temporary Restraining

Order and Injunction that Plaintiff filed prior to the appointment of *pro bono* counsel.

Dkt. No. 85.  Defendants oppose the Motion, Dkt. No. 92, and Plaintiff has filed a Reply. Dkt. No 93.  The Court recommends that the Motion be denied.

Plaintiff is presently incarcerated at Green Haven Correctional Facility.  Dkt. No. 85 at p. 1.  In November 2019, Plaintiff encountered Defendant Wood at Green Haven. *Id.* at pp. 1-2.  This Motion seeks an "Order of Protection" against Wood who Plaintiff appears to suggest might harass or seek to harm him as a result of this litigation.  *See generally id.*  Defense counsel advises that Wood was temporarily assigned to Green Haven but was subsequently reassigned to Clinton Correctional Facility.  Dkt. No. 92 at p. 1.  Whatever the merits of Plaintiff's claim may be, in light of the fact that Defendant Wood is no longer at Green Haven, Plaintiff's need for an order of protection is now moot.  The Court, therefore, recommends that the Motion be denied.[1]

**ACCORDINGLY**, for the reasons stated above, it is

**RECOMMENDED**, that Plaintiff's Motion for a Temporary Restraining Order and Injunction be **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the

---

[1] The Motion also references certain medical conditions and seeks injunctive relief regarding ongoing medical care. Dkt. No. 85 at pp. 3-6.  The sole remaining claims in this action are Eighth Amendment excessive force claims. There are no medical indifference claims in this case and no one employed at Green Haven Correctional Facility is a defendant in this action.  The Court cannot issue an injunction as to claims and parties over which it has no jurisdiction.  *In re Rationis Enterprises, Inc. of Panama*, 261 F.3d 264, 270 (2d Cir. 2001).

Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72 & 6(a).

Date:  July 23, 2020
       Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge