UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
RONALD DIGGS,

       Plaintiff,

   -v-                               9:16-CV-554

SERGEANT RONALD G. WOOD,
CHRIS DUBREY, and T. ROBARE,

       Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| APPEARANCES: | OF COUNSEL: |
|---|---|
| SCHENECTADY COUNTY PUBLIC<br>   DEFENDER<br>Attorneys for Plaintiff<br>519 State Street<br>Schenectady, New York 12305 | JULIA VIRGINIA KOSINESKI,<br>   ESQ. |
| HON. LETITIA JAMES<br>Attorney General for the State of<br>   New York<br>Attorneys for Defendants<br>The Capitol<br>Albany, New York 12224 | ERIK BOULE PINSONNAULT,<br>   ESQ.<br>KONSTANDINOS D. LERIS, ESQ.<br>DENISE P. BUCKLEY, ESQ. |

DAVID N. HURD
United States District Judge

## ORDER ON MOTIONS IN LIMINE

   A jury trial is scheduled to begin on Tuesday, June 29, 2021 at 9:30 a.m. in Utica, New York. Plaintiff Ronald Diggs ("Lee" or "plaintiff") has moved *in limine* for three pretrial rulings on the admissibility of certain evidence.

Defendants Ronald G. Wood ("Wood"), Craig DuBrey, and Timothy Robare (collectively "defendants") have moved for five.

The standard governing a motion *in limine* was explored in detail in this Court's recent opinion in *Walker v. Schult*, 365 F. Supp. 3d 266, 274-75 (N.D.N.Y. 2019). The Court need not repeat that standard now. But in brief, "[e]vidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds." *Id.* Accordingly, "[t]he trial judge may reserve judgment on a motion *in limine* until trial to ensure the motion is considered in the proper factual context." *Id.*

First, Diggs asks be permitted to inquire into prior accusations of excessive force against Wood. Plaintiff's request to introduce it must be granted, subject to a limiting instruction. Plaintiff may inquire into prior instances of excessive force allegations against Wood on cross-examination for the sole purpose of bringing to the jury's attention a motive on Wood's part to lie to protect himself against lawsuits and discipline. This line of questioning is more probative than prejudicial because the parties' narratives diverge so wildly. On the one hand, defendants disavow that anything happened to Diggs at all while on the other plaintiff claims he was beaten without justification. This case will be resolved almost entirely on which party the jury believes, so the parties' credibility is of paramount importance.

Second, defendants and Diggs disagree as to whether defendants should be permitted to inquire as to the essential facts of plaintiff's conviction on cross-examination. Plaintiff's motion to preclude must be denied, and defendants' motion to inquire must be granted in part. Plaintiff's credibility is just as important in this case as is defendants', so defendants may inquire as to the nature of plaintiff's conviction on cross-examination. But they may not delve into the details of that conviction.

Third, defendants have moved to inquire as to Diggs's disciplinary history while incarcerated. Plaintiff has moved to preclude the same line of questioning. Plaintiff's motion must be granted, defendants' denied.

Fourth, defendants have moved to preclude Diggs from introducing medical records from his surgery at State University of New York Upstate Hospital in Syracuse in 2018. Defendants' motion must be denied. That said, plaintiff must lay a proper foundation to introduce this evidence, and if he fails to do so it will not be admitted.

Fifth, defendants have moved to preclude Diggs from making reference to the possibility that the State of New York will indemnify defendants in the event of a verdict against them. That motion must be granted.

Sixth and finally, defendants have moved to preclude Diggs' offering evidence or alluding to facts related to plaintiff's claims that have subsequently been dismissed. That motion must also be granted.

3

Therefore, it is

ORDERED that

1. Plaintiff Ronald Diggs's Motions *in limine* are GRANTED in part and DENIED in part;

2. Defendants' Motions *in limine* are GRANTED in part and DENIED in part;

3. Plaintiff Ronald Diggs may inquire on cross-examination as to prior allegations of excessive force against defendant Ronald Woods;

4. Defendants may inquire as to the nature of plaintiff Ronald Diggs' conviction on cross-examination;

5. Defendants may not inquire as to plaintiff Ronald Diggs' prison disciplinary history;

6. Plaintiff Ronald Diggs may offer evidence of his surgery at State University of New York Upstate Hospital in 2018 if he can lay a proper foundation for that evidence to come in;

7. Plaintiff Ronald Diggs may not address the possibility that the State of New York may indemnify defendants in the event of a verdict; and

8. Plaintiff Ronald Diggs may not discuss facts or allegations relating to claims that do not remain active.

IT IS SO ORDERED.

Dated: June 23, 2021
       Utica, New York.

David N. Hurd
U.S. District Judge